United States Courts
Southern District of Texas
F I L E D

# UNITED STATES DISTRICT COURT FEB 2 7 2026

for the

Nathan Ochsner, Clerk of Court

Southern District of Texas

5th Division

|  |  |
|---|---|
| **Jennifer Désir** | ) Case No. _____ 4:25-cv-00401 _____ |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| **Walmart.inc , Regions Financial Corporation** | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**PLAINTIFF AMENDED COMPLAINT IN SUPPORT JUDGE HANEN COURT ORDER**

**"Regions Financial Corporation"**

## NATURE OF PROCEEDING

01.01 On December 2, 2024, Plaintiff filed an Application to Proceed in Forma Pauperis

("IFP")before this Court and a Complaint asserting a litany of claims against Defendant

Walmart and Defendant REGIONS FINANCIAL CORPORATION ("Regions")

(collectively, "Defendants").

01.02. Defendant filed a Motion to Dismiss Plaintiff (Doc.15) .

01.03. Plaintiff Responded to Defendant ("Regions" ) Financial (Defendant). (Doc. 22)

01.04. On June 16,2025 Defendant ("Regions") filed its Reply in support of their Motion

to Dismiss.  (Doc. 23).

01.05. Plaintiff (Jennifer ) Filed a Sur Reply on June 30,2025 in Opposition to Defendant

("Regions") Reply in support of their Motion. (Doc. 27 )

01.06. On February 03,2026  the Court granted Plaintiffs a leave to amend Region

Financial Corporation Complaint. (Doc. 29).


## LEGAL STANDARDS

Defendant's motion to dismiss was filed under Rule 12(b)(6) Fed. R. Civ. P.

History show that this Court has a well-established method for resolving

12(b)(6) motion to dismiss.

To start out, the court's review is limited to the "four corners" of the

complaint (Underlining added):

"The scope of review must be limited to the four corners of the

complaint" and attached exhibits. St. George v. Pinellas County, 285 F.3d

1334,1337 (11th cir 2002)." "

-Braun v TD Bank | 8:20-cv-02951|3/23/21


"In considering the motion,courts should limit their "consideration to

2

the well-pleaded factual allegation,documents central to or referenced in the

complaint, and matters judicially noticed.

" La Grasta v First Union Sec., Inc.

,358 F3d 840,845 (11th Cir.2004) (citations Omitted)."

-Parkhurst v Hiring 4 U, Inc.|2:19-cv-00863|0/29/20

Then, the court looks to see if a complaint satisfies the requirements set out

in Rules 8 (a) (2) Fed. R. Civ. P (Underlines added):

"The Federal Rules of Civil Procedure Require a Complaint to contain

" a short and plain statement of the claim showing the pleader is entitled to

relief." Fed. R. Civ. P . 8(a) (2) . The rules also require Plaintiffs to set out

their claims in separate, numbered paragraphs, "each limited as far as

practicable to a single set of circumstances." Fed. R. Civ. P 10 (b)."

-Parkhurst v Hiring 4 U, Inc. |2:19-cv-00863| 09/29/20

Third, District Judges look to see if a complaint contains sufficient facts

(Underlining added):

To survive a Rule 12(b) (6) motion to dismiss, a plaintiff must plead

sufficient facts to state a claim that is "Plausible on its face." Ashcroft v

Iqbal, 556 U.S 662,678 (2009) ( quoting Bell Atl. Corp. v. Twombly, 550

U.S ,544, 570 (2007) ). A Plaintiff need not to recite "detailed factual

allegations," but must provide "more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." Id. A pleading that offers

"labels and conclusions" or "a formulaic recitation of the elements of a

cause of action will not do" Id. (quoting Twombly, 550 U.S. at 555).

-CRM Suite Corp v GM Company |8:20- cv- 00762 | 3/10/21

In performing this examination, the judges lend all deference to the

non-movant( Underlining added):

"Likewise, the court must accept all factual allegations in the complaint as true and

construe them in the light most favorable to the

plaintiff.

Pielage v McConnell, 516 F.3d 1282, 1284 (11th Cir.2008)

(citations Omitted).

 But the court "need not accept factual claims that are

internally inconsistent; facts which run counter to facts of which the court

can take judicial notice;"

- Parkhurst v Hiring 4 U , Inc . | 2:19-cv-00863| 9/29/20

 Importantly, the factual allegations must be "plausible" ; which is defined as follows:  " A

claim has facial plausibility when the plaintiff pleads factual. content that allows the court

to draw the reasonable inference that the

The defendant is liable for the misconduct alleged. " Id."

-CRM Suite Corp v GM Company |8:20-cv-00762| 3/10/21


Plus , the Court must afford leeway to layperson litigants:

"The pleadings of pro se litigants are "liberally construed " and held

to a less exacting standard as those complaints drafted by attorneys.

Tannenbaum v Untied States, 148 F.3d 1262, 1263 (11th Cir. 1998).

"However, a pro se litigant must still meet minimal pleading standards."

Pugh v Farmers Home Admin. , 846 F. Supp. 60,61 (MD Fla. 1994) (citation
Omitted) .

 And the Courts are not tasked with drafting or rewriting a

complaint to locate a claim. Peterson v Atlanta Hous. Auth. , 998 F. 2d 904

(11th Cir. 1993 )"

-Daley v Florida Blue | 2:20-cv-00156| 12/8/20

Similarly, this Court stresses that motions to dismiss must be confined to the

legal sufficiency of the complaint ( Underlining added):

" [A] motion to dismiss should concern only the complaint's legal

sufficiency, and is not a procedure for resolving factual questions or

addressing the merits of the case." Am. Int'l Specialty Lines Ins. Co. v.

Mosaic Fertilizer, LLC , 8:09- cv- 1264 - T -26 TGW, 2009 WL 10671157,

at *2 (M.D Fla. Oct. 9,2009) (Lazzara, J.) .-Johnson v Nocco, et al | 8:20- cv-01370 |
2/18/21


1.0. Plaintiff was made aware of Regions Financial bank statements fabrication and
intent to defraud Plaintiff right after a Hearing with Texas Workforce Commission
concerning Walmart.inc malice towards Plaintiff when they withdrew her earned wages
from her and Blamed or conspired with Regions Financial to give the illusion of a
deposit in order to defraud Plaintiff.

2.0.  During the hearing Plaintiff was sent some paperwork by their Project manager in
which she discovered that the alleged bank referred to was JP Morgan Chase as the
bank in charge of delivering the checks.

5

3.0.  Upon demand , Plaintiff was required to prove that the check was indeed missing from the statement.

4.0. Since the Plaintiff back account was closed at the time , she decided to get a printed statement at her local branch . Upon receipt discovered that Regions Financial not only misplaced the wage amount at the wrong time but misplaced and fluffed the entire statement as well.

5.0. Plaintiff had reasons  to believe that the Defendant had committed an act of fraud against her.


ARGUMENTS AND AUTHORITIES


*Count I.*          <u>*Fraud*</u>


01.0. Fraud in law is defined as intentional deception to deprive a victim of a legal right or to gain unlawfully from them. It can be classified as either a civil wrong, where the victim may seek compensation, or a criminal act, which can lead to prosecution and penalties.

02.0. To plead her case Plaintiff moves this Honorable Court to Judge based on if or not the elements of these claims  are not met.

 In the face of the law in order a Fraud claim constitutes of these elements;

1. [*Misrepresentation of Material Fact*]: A false statement about a significant fact that is intended to induce action or forbearance.

6

03.0. Defendant knowingly misrepresented when presenting the fabricated  Statements to Plaintiff and  It was evident  although the check due in was full pay since Plaintiff was salaried the payment claimed to have been deposited should have been beyond their knowledge since there was no connection.

04.0 But instead defendant regions misrepresented the errors made on the account statements.

05.0. A representation is false if it consists of words or other conduct that suggest to the plaintiff that a fact is true when it is not (Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc., 590 S.W.3d 471, 496 (Tex. 2019); Exxon Corp. v. Emerald Oil & Gas Co., L.C., 348 S.W.3d 194, 217 (Tex. 2011))

06.0.  At the time the Defendant  it was not communicated as to  why Plaintiff had such interrogatory questions.


07.0.  The plaintiff then called  the customer service line connected to the headquarters to further inquire and question the offense , by pinpointing a few items that caused the confusion.

08.0.  A couple of months later ,around Thanksgiving 2023,   Plaintiff  investigated further by driving to different area of the city  to obtain yet  another copy of the bank statements.

09.0.  She then discovered the fabricated statement[s] was now missing the supposed deposit  from "Walmart.inc" but everything else on the itemized statement was still in disarray.

10.0. [*Knowledge of Falsity*] .The person/entity making the statement knew it was false or acted with reckless disregard for its truth.

11.0. When questioned both over the phone and in person , Plaintiff was told that the representatives have no control in manipulating data nor were  they able to  alter any documents on their level , he said and I quote " the only thing we so is print them out in our position and anything that we are able to print and see comes from the overheads" .

12.0. Right after the conversation  Plaintiff warned that they would find themselves discussing the matter during litigation if not corrected.


13.0

3. [*Reasonable Reliance*].The victim relied on the false statement in a way that was reasonable under the circumstances.

14.0.  The defendant upon this instant lawsuit was aware of the fact that Plaintiff statements were fabricated and that the deposit in question was fraudulently added then removed  for their own interest.

15.0. Defendant ("Regions") was aware that adding the check would undoubtedly  be beneficial to Walmart and later on removed the check in order to avoid legal consequences from Plaintiff after she was made aware.

16.0. Plaintiff relied on the Material presented by Defendant ("Regions") . On one hand the mysterious check appearance on the bank statements validated the fraudulent act and conspiracy.

17.0 On the other hand The removal of the check only solidified their intentions todefraud Plaintiff knowing that she relied on the information provided.

18.0. Although unclear of Defendant ("Regions ") knowledge of the first suit against

Defendant Walmart.inc *Dèsir I* , Defendant acted with reckless disregard for its truth.

19.0.  The representation does not need to be the only factor inducing the plaintiff to

make the decision if the plaintiff relied on the representation (Barrow-Shaver Res. Co. v.

Carrizo Oil & Gas, Inc., 590 S.W.3d 471, 496 (Tex. 2019); Italian Cowboy Partners, Ltd.

v. Prudential Ins. Co. of Am., 341 S.W.3d 323, 337 (Tex. 2011)). Reliance on a

misrepresentation need not be reasonable to be justifiable (Ginn v. NCI Bldg. Sys., Inc.,

472 S.W.3d 802, 830 (Tex. App.—Houston [1st Dist.] 2015, no pet.)).

20.0  4. *[Resulting Damages]* The victim suffered harm or loss as a direct result of

relying on the misrepresentation.

21.1.  Although Defendant ("walmart.inc") was a no show at the Texas Commission

hearing , Plaintiff case was dismissed due to the material presented.

22.0.  Defendant Reckless misrepresentation caused her to not only lose her wage

theft claim but also proven detrimental to her first case against defendant (

"Walmart.inc") in *Dèsir I* resulting in her getting dismissed as well..

23.0. As a result of Defendant ("Regions") prior and during this instant lawsuit Plaintiff

suffered both economic and noneconomic injuries . She has been dealing with

Continuous mental anguish , severe emotional distress , adding to her Pain and

suffering.

24.0.Plaintiff was left traumatized with fear of having to go through the same incidents

over and over again.

25.0. Defendant ("Regions") committed Fraud when they breach the contract/agreement and fraudulently added/removed the deposit being claimed by Defendant("Walmart.inc) on the statement(s).

26.0. The act occurred by the overheads as claimed by the branch representatives knowing Plaintiff would rely on the material(s).

*Cir. 1997) at a minimum,  Rul 9(b) requires that a plaintiff set forth the Who,what,when,where, and how' of the alleged fraud ( quoting Williams v wmx Tech ,Inc 112 F.3d 175,179 (5th Cir,1997))*

27.0. Plaintiff relied on the materials to aid in her case(s)  against defendant ("Walmart.inc") both the wage theft claim and last action *Désir.inc .*

(Int'l Bus. Mach. Corp. v. Lufkin Indus., LLC, 573 S.W.3d 224, 228 (Tex. 2019);

Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC, 572 S.W.3d 213, 219-20 (Tex. 2019); Anderson v. Durant, 550 S.W.3d 605, 614 (Tex. 2018);


### Count III Conspiracy

28.0.  A civil conspiracy can only exist when : 1) Conspirators agree to work to achieve an unlawful goal , or Conspirators agree to achieve and unlawful goals by unlawful means.

29.0.  Conspiracy is a derivative tort and liability is dependent upon participation in an underlying tort by at least one defendant. See Preston Gate, LP v. Bukaty, 248 S.W.3d 892, 898 (Tex. App.-Dallas 2008, no pet.).

30.0. 1).The defendant <u>entered into an agreement</u> with at least one other person; 2).<u>To commit a tort</u> or other wrong;The act was <u>in furtherance of the agreement; Triplex Commc=ns Inc. v. Riley, 900 S.W.2d 716, 719 (Tex. 1995)</u>

3). The persons reach a meeting of the minds on the object or course of action;

4). <u>The plaintiff suffered economic loss</u> or other harm as a result of the tortious or unlawful act. Ins. Co. of N. Am. v. Morris, 981 S.W.2d 667, 675 (Tex. 1998). Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983).

31.0. The defendant <u>entered into an agreement</u> with at least one other person; Unbeknownst to any prior connections between the Defendant[s], Plaintiff inferred that there was indeed an implied agreement between (**"Walmart and Regions"**).

32.0. Upon receiving the bank statements after the wage theft hearing , it was clear that an agreement or some form of arrangement was made in order to carry out the unlawful goal against Plaintiff.

33.0. There is evidence of related facts  from which we can draw a reasonable and logical inference that the activities of the co-conspirator could not have been carried on except as the result of a preconceived scheme or common understanding.

34.0  Element 2).<u>To commit a tort</u> or other wrong;The act was <u>in furtherance of the agreement;</u>  The defendant[s] intent to bring about the tortious injury was the subject of the agreement.


35.0. The defendant[s] were in communication to ensure their actions aligned with their shared goal of harming the plaintiff. Hence the adding and removal of the deposit.

36.0. The day after the wage theft hearing , Plaintiff called the location in which she officially signed up and inquired about getting a few of her statements printed since she was unable to do so due to the fact that her account was now closed.

37.0.  Plaintiff was instructed she can easily go to her closest branch to retrieve the statements needed.

38.0.  On March 08,2023 between 1-1:30 p.m  Plaintiff went to the nearest branch on San Felipe   to retrieve her bank statements.

39.0.  Upon inspection Plaintiff noticed that the bank statements were fabricated ,she knows this because , not only was the statements and paperwork sent by Defendant ( Walmart.inc ) inconsistent but was also fabricated to avoid any further legal escalations.

40.0.   After taking notice of the inconsistencies of the bank statements . Plaintiff reported the implied agreement between the two Defendant(s) during her wage theft continuance and was told that they can only verify anything with the defendant in question and could not say or do anything about the bank where the statements came from although proof was needed.


41.0. Furthermore Defendant ( "Walmart".inc) financial record which was provided at the time of the wage theft hearing , proved to be negligent on their end , due to the fact that Plaintiff was told by Defendant that The check in question was distributed by their bank [" JP MORGAN CHASE "] at the time that it should have been distributed on June 01,2022 in the sum of 861.$$ and that the June 09,2022 in the sum of Five dollars was a refund of some insurance.

42.0. 3.) The plaintiff suffered economic loss or other harm as a result of the tortious or

unlawful act. The Defendant tortious act , caused Plaintiff to lose her wage theft claim

against Defendant ("Walmart.inc"). Because of the factPlaintiff was unable to further

argue the fact that she was on salary pay and half the amount due was already taken by

the defendant in question and she expected the sum 821. $$ to at least be credited as

earned wages, since she was still on a two week pay period.

 44.0.  As a result of the defendant(s) tortious act  Plaintiff was unable to recover the

economic losses and suffered more losses due to the damages.

In this instance Plaintiff can prove the circumstantial evidence from which we can infer

that the co-conspirators  could only have been acting in concert to achieve a common ,

previously agreed upon goal. Proof of a civil conspiracy may be, and usually must be,

made by circumstantial evidence,

but vital facts may not be proved by unreasonable inferences from other facts and

circumstances.

Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp., 435 S.W.2d 854, 858

(Tex. 1969).

08-0593


### Count III . Invasion of privacy

45.0. Suspiciously enough her funds were dispersing at a rapid rate which made her

very anxious about her last deposit as she patiently waited for her last check.

46.0.  She was under the impression that her earned wages would have been deposited

the very next week but instead a Defendant ("Walmart") only deposited 5.08 dollars two

weeks later , confused,  she began calling around inquiring of the amount deposited and the missing deposit.

47.0.  She then took a few screenshots of her last few transactions to show proof of the fact that there was no deposit  made after her commission week nor prior to the 5 dollars deposited.

48.0. Upon inspection surprisingly enough the captured transactions were the only ones in place , while every other transaction's placement was not making sense.

49.0.  Plaintiff had  reasons to believe that Defendant ("Regions") invaded her privacy in order to make the statements seem original enough for their goal.


50.0.  How the statements were obtained were beyond her knowledge,  since she doesn't usually have others in her space or was too trusting of letting others use her electronic devices. But around january-february of 2023 , Plaintiff was a job training for the ACT Mastery  Prep  where she left her phone unattended in between a small group of people ( whom she thought was growing a bit suspicious) to step out the room.

51.0.  That instance was the only time that Plaintiff could say for sure that someone must've gone through her phone.

52.0.  By any other means is beyond her knowledge. But given the fabricated Statements Defendant ("Regions") undoubtedly Invaded Plaintiff privacy by intruding in her personal life.

54.0.  According to the law Invasion of Privacy is when one party violates personal space or information of another party. The Elements :

1. The defendant intruded on the solitude of another or his or her private affairs. In this case it is met because the defendant should have not been involved nor was there any connections between her employer or her personal data as shown per Defendant ("Walmart") statements.

2. The intrusion was intentional; Plaintiff can infer that the intrusion was intentional leading to the damages caused by the invasion in her personal affairs.

3. The intrusion would be highly offensive to a reasonable person.

55.0. Needless to say after losing her wage theft claim and needing to escalate the matter to the District Court, Plaintiff was highly upset by Defendant ("Regions") illegal interception because she entrusted them to stand by their promise and guard her information to avoid the compromise of her personal information security and protected her rights of having to disclose information that should have been kept confidential.

56.0. Plaintiff grew even more offended at the fact that they would meddle in her affairs enough to cause her more damages other than the suspicious and unacceptable activities that were already taken place on her account.

57.0. Given the facts , Plaintiff can conclude that defendant ("Regions") somehow accessed her private email or photos somehow which caused them to expose sensitive information to Defendant ("Walmart").

R.O .v. frost ,No. 01 -08-00229-CV at *1(tex App. Oct,8,2009) .

4. *Damages:* As a result of the interception and intentional infliction of emotional distress , Plaintiff *suffered from severe mental anguish, Pain and suffering and the economic damages that was already taken place.*

58.0. ***Count V - Breach of fiduciary duty***

1. Fiduciary duty. (Authority is typically established by contract. in the interests of another individual.)

2. Breach of duty. The duty of care requires the fiduciary to act with reasonable prudence and diligence in carrying out their duties to further the best interest of the one to whom they owe that duty.

59.0. Plaintiff originally signed up at the Eldridge location in Jersey Village on March 01,2022  during the on boarding period with  ("Sam's Club.east"),during which she mentioned when questioned about occupation.

60.0. The initial process was brief and only lasted a couple of months after her termination.

61.0. Plaintiff usually splits her funds into savings and checking , at times she usually has to transfer from savings to cover her checking account when there are insufficient funds.

62.0. By Defendant ("Regions")  booklet agreement there had been a breach in duty and fiduciary duties due to the fact the errors of the account statements was not a matter that was cause by external means (as if a scammer took her initial deposit ) but something that was done internally and with obvious intent.

63.0. Plaintiff was owed a level of care since she entrusted the bank/ holding company with her asset and a level of trust that she could safely used the company to hold up to its value.

64.0. The breach definitely occurred when then The defendant failed to disclose any deposit or transaction known or unknown to plaintiff.

65.0. As per the agreement/contract signed and electronic statement and notifications were to be sent by the bank whenever there was any transaction but instead Plaintiff only received only transfer transaction notifications via email when made by zelle.

66.0 Unless the account is open and active , Plaintiff is unable to access her statements unless printed by a branch

67.0.  The defendant acted in their best interest and breached the duty owed to Plaintiff.

68.0. 3.Damages : Plaintiffs suffered non economic as well as economic injuries. As well Reputational damages because unless proven in court Plaintiff image gets tainted by appearing to be the culprit who've done something malicious.

69.0. 4.Causation:  simple reliance on an intentional misrepresentation will suffice to establish causation, even when the reliance is not the sole factor—or even the predominant factor—leading to the injury.)

70.0. The negligent management amd poor record-keeping caused Plaintiff a great loss , it cause the Plaintiff  extreme mental anguish in having to pursue any legal consequences for thee actions that caused her a great economic cost.

71.0 Without Regions Financial as a defendant in Désir I , the action seemed Ifrivolous , due to the mental anguish and the emotional distress state she was under , made it near impossible for her to pull through and deliver an adequate Lawsuit agaisnt Defendant ("Walmart") as well as having Regions as part of the action before the court.

(Gramm leach -billed Act )

17

72.0. ***Aiding and Abetting employment discrimination.***

73.0.  *Defendant ("Regions") knew that the defendant ("Walmart") was discriminating against its employee when the implied  agreement occurred in order to commit the action.*

74.0. *The  Defendant gave substantial assistance and somewhat encouraged Defendant ("Walmart.inc ) inconsistent committing the fraud.*

75.0.  *Defendant Regions's conduct was a substantial factor in causing more harm to Plaintiff.*

76.0.  *A complaint must allege the aider and abettor had the specific intent to facilitate the wrongful conduct . See Schulz v. Neovi Data Corp. (2007)152 Cal.App.4th 86, 95 [60 Cal.Rptr.3d 810.)*

77.0.  *It  appears that one may be liable as an aider and abetter of a negligent act. (SeeNavarrete v. Meyer (2015) 237 Cal.App.4th 1276, 1290 [188 Cal.Rptr.3d 623];Orser v. George (1967) 252 Cal.App.2d 660, 668 [60.Cal .Rptr.  708] ).*

78.0.  As stated above in Fraud and Conspiracy, the defendant ("Walmart.inc") relied on Regions for its assistance in order to facilitate and instigate the commission of the unlawful act  .

79.0. The  elements of a claim for aiding and abetting a breach of fiduciary duty are:(1) a third party's breach of fiduciary duties owed to plaintiff; (2) defendant's actual knowledge of that breach of fiduciary duties; (3) substantial assistance or encouragement by defendant to the third party's breach; and (4) defendant's conduct was a substantial factor in causing harm to plaintiff. (Judicial Council *ofCal., Civ. Jury*

18

*Instns. (CACI) (2014) No. 3610 . . .)." (Nasrawi v. BuckConsultants LLC (2014) 231*

*Cal.App.4th 328, 343 [179 Cal.Rptr.3d 813].)•*

*80.0.   "[C]ausation is an essential element of an aiding and abetting claim." (American*

*Master Lease LLC v. IdantaPartners, Ltd. (2014) 225 Cal.App.4th 1451, 1476 [171*

*Cal.Rptr.3d 548].)*

81.0.  While aiding and abetting may not require a defendant to agree to join the

wrongful conduct, it necessarily requires a defendant to reach a conscious decision to

participate in tortious activity for the purpose of assisting another in performing a

wrongful act. . . .' [Citation.]

82.0. The aider and abetter's conduct need not, as 'separately considered,' constitute a

breach of duty." (American MasterLease LLC,supra, 225 Cal.App.4th at pp. 1475-1476])

## PRAYER FOR RELIEF

**Wherefore** Plaintiff respectfully requests that the Court ***GRANT*** her Punitive ,

compensatory damages as well an injunction relief  and all other relief the court deems

fair ,such other and further relief , legal or equitable, special or general, to which it

may show itself to be justly entitled.

## CERTIFICATE OF SERVICE

I Hereby certify that on February 27, 2026 , I served a true and correct copy of the

foregoing document(s) on all counsel of record in accordance with Rule 5(b)(2)(E)

of the Federal Rules of Civil Procedure.

/s/ Jennifer Desir

Jennifer.desir220@gmail.com

Jennifer.desir220@outlook.com