United States District Court
Southern District of Texas
**ENTERED**
July 20, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER DESIR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-00401 |
| | § | |
| WALMART, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Court earlier conditionally dismissed the claims of Plaintiff Jennifer Desir ("Desir" or "Plaintiff") against Regions Financial Corporation ("Regions" or "Defendant"). *See* (Doc. No. 30). Plaintiff's claims at the time did not comply with the Federal Rules of Civil Procedure, but since she was acting *pro se*, the Court allowed her to replead her case if she did so by the date indicated in the order.

## I.

Desir filed her First Amended Complaint timely. (Doc. No. 32). Regions has filed a Motion to Dismiss the First Amended Complaint. (Doc. No. 33). Plaintiff responded by asking this Court to extend the deadline to respond to April 15, 2026—a deadline she did not meet. Ultimately, she filed a document she styled as a Partial Summary Judgment and Reconsideration, (Doc. No. 35), which contains a response to Regions' Motion to Dismiss. (Doc. No. 35 at 22–27). The Court will address in this Order the portions that pertain to Regions.

## II.

Plaintiff's claims against Regions are grounded in fraud. This Court found Plaintiff's Original Complaint totally lacked the necessary pleadings to support a claim of fraud and it finds that Plaintiff's First Amended Complaint is also deficient.

Regions Financial argues, as it did before, that Plaintiff did not plead the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b), meaning Plaintiff's underlying fraud claim and her civil conspiracy to defraud claim should be dismissed. *See* (Doc. No. 15 at 13–16); *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) ("At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997))).

The Court agrees with Regions Financial that Plaintiff's fraud claim is not sufficiently pled as required by Rule 9(b). It does not identify a single misrepresentation, nor does it allege reliance on any statement by Regions. It should be noted here that Regions Financial—the defendant—is a holding company that does not maintain consumer accounts or issue bank statements. Under Texas law, "[a] fraud cause of action requires 'a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury.'" *Formosa Plastics Corporation USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex.1998) (quoting *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994)). Plaintiff has failed to adequately plead each of these elements. Thus, Plaintiff does not plead her fraud claim with sufficient particularity.

2

As a result, Plaintiff's civil conspiracy to defraud claim also fails. Under Texas law, civil conspiracy is not an independent tort. *Agar Corp. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 142 (Tex. 2019). Rather, "[c]ivil conspiracy requires an underlying tort that has caused damages." *Id.* (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)). As such, since Plaintiff's underlying fraud claim fails, her civil conspiracy claim likewise fails. *See Thomas v. Joule Processing LLC*, 2023 WL 8437634, at *6 (S.D. Tex. Dec. 5, 2023) ("[W]hen plaintiffs fail to state a claim for any underlying tort, their claims for civil conspiracy likewise fail." (quoting *Tummel v. Milane*, 787 Fed. Appx. 226, 227 (5th Cir. 2019) (unpublished)).

Furthermore, the complaints she includes under the headings of breach of fiduciary duty and invasion of privacy are also deficient. They certainly do not comply with the requirements of either Rule 8 or 9 of the Federal Rules of Civil Procedure or the dictates of the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) or *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Her claims must be dismissed.

Since this Court has already allowed Desir a chance to replead, the Court finds that a second chance would be fruitless and therefore will not allow Plaintiff another attempt.

### III.

Regions Financial also contends that there is no federal question jurisdiction or diversity jurisdiction over Plaintiff's claims. Regions Financial is correct that there is no federal question jurisdiction in this case as Plaintiff brings common law fraud and civil conspiracy to commit fraud claims—both of which are state law claims, as well as state law claims for invasion of privacy and breach of fiduciary duty.

Unlike in the Court's prior order, it finds that there is no diversity jurisdiction in this case. Diversity jurisdiction requires two conditions: (1) the matter in controversy must exceed the sum

or value of $75,000, exclusive of interest and costs, and (2) the parties must be citizens of different states or countries. 28 U.S.C.A. § 1332.

Plaintiff has now actually pleaded a specific amount of damages. In her Original Complaint, she demanded $15 million dollars. In her First Amended Complaint, she has pleaded for $861.00 and perhaps an additional $5.00 refund. (Doc. No. 32 at 12). On the next page, she refers to an additional sum of $821.00 but how Regions caused her to lose that sum is anyone's guess. Even if one adds these sums together, it totals less than $2,000. There are no federal claims—only state law claims—and the sum sought is well-below the jurisdiction level of this Court. "Generally, when a plaintiff demands a specific amount of damages in the complaint, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Berrocal v. Samsung Elecs. Co.*, 2025 WL 3488842, at *3 (5th Cir. Dec. 4, 2025) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Since Plaintiff's Complaint demands a specific amount of damages well below $75,000, the Court finds that Plaintiff has not alleged a claim over which this Court has jurisdiction.

Therefore, this case is dismissed.

Signed on this the 20th day of July 2026.

Andrew S. Hanen
United States District Judge