United States District Court
Southern District of Texas
**ENTERED**
October 23, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER DESIR, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-00401 |
| | § | |
| WALMART, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pending before this Court is Plaintiff's Motion for Reconsideration of this Court's denial of her request to retain the case. (Doc. No. 46). For the following reasons, Plaintiff's Motion is DENIED.

Plaintiff requests that this Court reconsider its prior decision not to retain her case on the docket. (Doc. Nos. 41 and 45). The Federal Rules provide two mechanisms by which a Plaintiff may obtain relief from a final judgment. Rule 59(e) allows a plaintiff to request alteration or amendment to a judgment by motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Plaintiff's case was dismissed on July 20, 2026. (Doc. No. 40). The present motion was untimely filed on October 21, 2026.

Alternatively, Rule 60 allows a party to move for reconsideration of a final judgment within a reasonable time no more than one year after entry of the judgment. Fed. R. Civ. P. 60(c). As such, Plaintiff has filed a timely motion for reconsideration alleging that there exists evidence that affects the outcome of the case that was unavailable during the original proceedings. (Doc. No. 46). A motion to reconsider based on newly discovered evidence should only be granted if "(1) the facts discovered are of such nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts

are not merely cumulative or impeaching." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015) (quoting *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010)).

Plaintiff's motion fails to identify any newly discovered evidence that could not have been discovered earlier by proper diligence. Plaintiff provides emails with counsel for Defendants informing Plaintiff that they do not have to respond as the case was dismissed. This is not material to any fact of relevance to Plaintiff's claims.

As such, Plaintiff's Motion is DENIED.

Signed on this the 23rd day of October, 2026.

Andrew S. Hanen
United States District Judge